## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division

**KELLEY ANDREWS**

     **Plaintiff,**

**v.**                                **CIVIL ACTION NO.:**

**RAIN OR SHINE, INC. d/b/a INSIGHT,**
**a Florida corporation,**
**CHRISTINE KHANNA, an individual,**
**and SUSHIL KHANNA a.k.a.**
**BOBBY KHANNA, an individual**

     **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     **COMES NOW** Plaintiff Kelley Andrews ("Plaintiff" or "Ms. Andrews"), by and through the undersigned counsel, and hereby brings this Complaint against Defendants, Rain or Shine, Inc. d/b/a Insight ("Insight"), Christine Khanna ("Ms. Khanna"), and Sushil Khanna, a.k.a. Bobby Khanna ("Mr. Khanna"), (collectively, "Defendants") and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

     1.     Ms. Andrews is an adult female citizen of the State of Florida and a resident of Callahan, Florida.

     2.     Defendant Insight is a Florida corporation organized and existing under the laws of Florida with its principal place of business located in Jacksonville, Florida.

3.     Upon information and belief, Defendant Ms. Khanna is an owner and President of Defendant Insight, and resides in Jacksonville, Florida.

4.     Upon information and belief, Defendant Mr. Khanna is an owner and Vice President of Defendant Insight, and resides in Jacksonville, Florida.

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and the Fair Labor Standards Act ("FLSA").

6.     This Court has the power to exercise supplemental jurisdiction over Ms. Andrews' state law claims pursuant to 29 U.S.C. § 1367.

7.     The allegations of this Complaint involve acts and occurrences while Ms. Andrews was employed by Defendants in Jacksonville, Florida.  Venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b).

## COVERAGE

8.     Defendant Insight is an enterprise or enterprise engaged in commerce covered by the FLSA, and as defined by 29 U.S.C. § 203(r), (s).

9.     Defendant Insight was Ms. Andrews' "employer", as that term is defined by 29 U.S.C. § 203(d).

10.     Defendant Insight engages in commerce as defined by 29 U.S.C. § 203(b).

11.     Defendant Insight engages in the retail sale of clothing, apparel, eyewear, jewelry, accessories, and other boutique goods and services to individual

customers. Defendant Insight's employees regularly sell, handle, or otherwise work on goods or materials that have been moved in or produced for commerce.

12.     Defendant Insight has annual gross volume of sales made or business done of not less than $500,000.00, and employs two or more employees.

13.     Defendant Ms. Khanna was Ms. Andrews' "employer", as that term is defined by 29 U.S.C. § 203(d).

14.     Defendant Ms. Khanna owns and operates Defendant Insight as its President, and regularly exercises the authority to: (a) hire and fire employees of Defendant Insight; (b) determine the work schedules and assignments for employees of Defendant Insight; and (c) control the finances and daily operations of Defendant Insight.

15.     Defendant Mr. Khanna owns and operates Defendant Insight as its Vice President, and regularly exercises the authority to: (a) hire and fire employees of Defendant Insight; (b) determine the work schedules and assignments for employees of Defendant Insight; and (c) control the finances and daily operations of Defendant Insight.

16.     Defendants Ms. Khanna and Mr. Khanna exercised supervisory authority over Ms. Andrews, and were responsible for Ms. Andrews' hiring and firing.

17.     Defendants Ms. Khanna and Mr. Khanna are directly responsible

for determining, and paying Defendant Insight employees' wages.

18.     Defendant Insight employs 10 or more employees.

## **FACTUAL ALLEGATIONS**

19.     Defendants operate a retail business selling clothing, apparel, eyewear, jewelry, accessories, and other boutique goods and services.

20.     Ms. Andrews was employed by Defendants from approximately October 2017 to January 4, 2022.

21.     Ms. Andrews' most recent position was as Store Manager at Defendants' River City Marketplace store location in Jacksonville, Florida.

22.     At all times relevant herein, Ms. Andrews performed her duties and responsibilities in a competent and satisfactory manner.

23.     Other employees of Defendants include for example, sales associates, sales associate trainees, assistant managers, and another store manager.

24.     Defendants' sales associates, sales associate trainees, and assistant managers are paid on an hourly basis and are non-exempt employees.

25.     Duties and responsibilities of Defendants' sales associates, sales associate trainees include primarily, conducting in-store sales of Defendants' merchandise, providing customer service, maintaining store cleanliness, receiving of merchandise, and stocking of merchandise.

26.     Duties and responsibilities of Defendants' assistant managers

include primarily, providing support for the store manager, conducting in-store sales of Defendants' merchandise, providing customer service, maintaining store cleanliness, receiving of merchandise, stocking of merchandise, organization of inventory and merchandise, training, and handling cash draws and deposits.

27. At various times in 2021, Defendants failed to pay their non-exempt employees all overtime work performed at the rate of one and one half their normal hourly rate.

28. Specifically, during certain periods when Defendants' hourly, non-exempt employees performed work in excess of 40 hours per week, Defendants shifted the excess hours worked to other weeks when the employees worked less than 40 hours per week in an effort to avoid paying at the required overtime rate.

29. Ms. Andrews complained to both Defendant Ms. Khanna and Defendant Mr. Khanna that Defendants' refusal to pay their employees all overtime pay earned, and in accordance with the practice of shifting overtime hours to other weeks was in violation of the law.

30. In particular, on or about December 31, 2021, Ms. Andrews complained to Defendant Mr. Khanna that Defendants were in violation of the law for not paying their employees for all overtime hours earned at the proper overtime rate, and that Defendants were stealing from their employees.

31. On January 4, 2022, Defendant Mr. Khanna notified Ms. Andrews that her employment with Defendants was terminated.  At the time of Ms.

5

Andrews' termination, Defendant Mr. Khanna told Ms. Andrews that she was the one who was the thief, and that she should have kept her smarts to herself.

32.    Prior to Ms. Andrews' termination, she had not been subjected to any formal discipline or warnings, and there had not been any incidents of misconduct or poor performance that would justify the sudden termination.

33.    Ms. Andrews submits that her termination was the result of her complaints that Defendants were in violation of the law for failing to properly pay their employees all earned overtime pay.

34.    Defendants have acted willfully in retaliating against Ms. Andrews by terminating her employment for making good faith complaints about Defendants' failure to pay their employees overtime pay in accordance with the law.

35.    Defendant Insight also agreed to pay Ms. Andrews an hourly wage plus a non-discretionary sales bonus if the store Ms. Andrews' managed generated certain annual gross revenue.

36.    As to the sales bonus compensation, Defendant Insight, entered into an agreement with Ms. Andrews on January 5, 2021, to pay Ms. Andrews according to the following terms: If Defendant Insight's River City Marketplace store generated $800,000 in gross sales for 2021, she would receive a bonus of $5,000; if the store generated $900,000 in gross sales, she would receive a bonus of $7,500; and if the store generated $1,000,000 in gross sales, she would receive a bonus of $10,000.

37.     Prior to the end of 2021, Defendant Insight's River City Marketplace store generated over $1,000,000 in gross sales revenue.

38.     However, Defendant Insight refused to pay Ms. Andrews the full bonus compensation of $10,000 earned for reaching the $1,000,000 sales objective.

39.     To date, Ms. Andrews has not received all bonus compensation owed to her as promised by Defendant Insight, and as set forth in this Complaint.

40.     All conditions precedent and exhaustion of administrative remedies, if any, to this action have been satisfied or waived, and this action is timely filed.

## COUNT I

### Violation fo the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)-Retaliation

41.     Ms. Andrews restates and realleges each and every factual allegation contained in paragraphs 1 through 34 an 40 of this Complaint with the same force and vigor as if set out here in full.

42.     Defendants unlawfully retaliated against Ms. Andrews by terminating her employment in violation of 29 U.S.C. § 215(a)(3).

43.     Ms. Andrews engaged in FLSA protected activity by complaining about, and objecting to, overtime violations to Defendants.

44.     Ms. Andrews' protected activity was pursuant to her reasonable and good faith belief that overtime violations under the FLSA had occurred, and she

was entitled to protection.

45.    Defendants were aware of Ms. Andrews' protected activity constituting her complaints and objections to the overtime violations pursuant to the FLSA.

46.    Defendants subjected Ms. Andrews to materially adverse employment action, to wit: discharge from employment, because of Ms. Andrews' protected activity.

47.    Any non-retaliatory reason proffered by Defendants for the adverse employment action taken is merely pretext for unlawful retaliation.

48.    The acts and omissions committed by Defendants were willful.

49.    As a direct and proximate result of Defendants' unlawful retaliation, Ms. Andrews has suffered and will continue to suffer: lost wages in the form of lost back pay and lost front pay, lost benefits and entitlements, loss of earning capacity, damage to her career and reputation, personal humiliation, mental anguish, emotional distress, and loss of enjoyment of life.

50.    Ms. Andrews has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendants are liable pursuant to the statutory provisions under 29 U.S.C. § 216.

WHEREFORE, Plaintiff Kelley Andrews demands judgment against Defendants, jointly and severally, for damages and equitable relief including but

not limited to lost back pay, lost front pay, lost benefits, lost benefits, loss of earning capacity, and any other lost economic damages; non-economic damages including mental and emotional distress, pain and suffering, damage to career and reputation, personal humiliation, loss of dignity, and loss of enjoyment of life; liquidated damages; attorneys' fees and costs under 29 U.S.C. § 216; prejudgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## COUNT II

### Violation of the Florida Whistleblower Act (FWA), Fla. Stat. §§ 448.102, *et seq.*

51.     Ms. Andrews restates and realleges each and every factual allegation contained in paragraphs 1 through 34 and 40 of this Complaint with the same force and vigor as if set out here in full.

52.     The Florida Whistleblower Act, Fla. Stat. § 448.102(3), provides in relevant part that an employer may not take retaliatory personnel action against an employee for objecting to, or refusing to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

53.     Ms. Andrews objected to, and refused to participate in, Defendant Insight's failure to pay its employees earned overtime wages.

54.     Defendant Insight's conduct constituted, or Ms. Andrews reasonably believed that Defendant Insight's conduct constituted, an activity, policy or

practice of Defendant Insight which was in violation of federal overtime law, to wit: the Fair Labor Standards Act.

55.    Ms. Andrews objected to, and refused to participate in, Defendant Insight's activities, policies and practices alleged herein.

56.    Defendant Insight took retaliatory personnel action against Ms. Andrews by terminating her employment, because Ms. Andrews objected to, and refused to participate in, Defendant Insight's activities, policies and practices alleged herein, in violation of Fla. Stat. §448.102(3).

57.    As a direct and proximate result of the unlawful retaliatory actions of Defendant Insight, by and through its agents and employees, Ms. Andrews has suffered and will continue to suffer, damages, including but not limited to lost back pay and front pay, lost benefits, loss of earning capacity, mental and emotional distress, pain and suffering, personal humiliation, loss of dignity, loss of enjoyment of life, and damage to her career and reputation.

58.    Ms. Andrews has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm a reasonable for their services, which Ms. Andrews is entitled to recover from Defendant Insight pursuant to Fla. Stat. § 448. 104.

WHEREFORE, Plaintiff Kelley Andrews respectfully requests the Court to enter judgment against Defendant Insight, and in favor of Ms. Andrews, granting damages for lost back pay, lost front pay, benefits and entitlements, lost earning

capacity, mental and emotional distress, pain and suffering, personal humiliation, loss of dignity, loss of enjoyment of life, expenses, damage to her career and reputation, attorneys' fees and costs under Fla. Stat. § 448.104, prejudgment and post-judgment interest, and granting such further relief as this Court deems just and proper.

## COUNT III

## Breach of Contract

59.     Ms. Andrews restates and realleges each and every factual allegation contained in paragraphs 1 through 7, 19 through 22, and 35 through 40 of this Complaint with the same force and vigor as if set out here in full.

60.     Ms. Andrews and Defendant Insight, by and through its agents, entered into a valid and enforceable agreement regarding compensation to be paid to Ms. Andrews for her employment services to Defendant Insight.

61.     In consideration for the promises by Defendant Insight to pay Ms. Andrews, Ms. Andrews agreed to perform store manager services for Defendant Insight.

62.     Ms. Andrews performed her obligations under the agreement.

63.     In material breach of the terms of the agreement, Defendant Insight failed to pay Ms. Andrews all compensation earned as agreed.

64.     As a direct and proximate result of Defendant Insight's material contractual breach, Ms. Andrews has incurred damages of lost wages in the form

of unpaid bonus compensation.

65.     Ms. Andrews has retained the services of The Law Office of Shands

M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's

fees and costs for which Defendant Insight is liable pursuant to the statutory

provisions under Fla. Stat. § 448.08.

WHEREFORE, Plaintiff Kelley Andrews respectfully requests the Court to

enter judgment against Defendant Insight, and granting Ms. Andrews: damages

of all unpaid wages; attorney's fees and costs pursuant to Florida Statute §

448.08; pre-judgement and post-judgement interest; and such other relief that

this Court deems is just and proper under the circumstances.

**COUNT IV**

**Unjust Enrichment (as alternative to Count III)**

66.     Ms. Andrews restates and realleges each and every factual

allegation contained in paragraphs 1 through 7, 19 through 22, and 35 through 40

of this Complaint with the same force and vigor as if set out here in full.

67.     During the course of her employment at Defendant Insight, Ms.

Andrews performed store manager services for Defendant Insight, for which she

has not been fully compensated.

68.     Ms. Andrews conferred the benefit of these services on Defendant

Insight which Defendant Insight had knowledge of by virtue of Ms. Andrews

performing these services within the scope of her employment for Defendant

Insight.

69.     Ms. Andrews conferred the benefit of these services on Defendant Insight, which Defendant Insight appreciated, accepted, and retained.

70.     Ms. Andrews has suffered damages as a result of Defendant Insight refusing to fully compensate Ms. Andrews for the store manager services performed.

71.     Under the circumstances, it would be inequitable and unjust for Defendant Insight to retain the benefit of the store manager services performed by Ms. Andrews without providing compensation to Ms. Andrews for those services.

72.     Ms. Andrews has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant Insight is liable pursuant to the statutory provisions under Fla. Stat. § 448.08.

WHEREFORE, Plaintiff Kelley Andrews respectfully requests the Court to enter judgment against Defendant Insight, and granting Ms. Andrews: damages equal to her unpaid wages; equitable relief in the form of restitution; attorney's fees and costs pursuant to Florida Statute § 448.08; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Kelley Andrews demands trial by jury with respect to all issues, counts, claims, controversies and damages so triable.

Dated: April 8, 2022.

Respectfully submitted,

The Law Office of Shands M. Wulbern, P.A.

By:<u>*/s/ Shands M. Wulbern*</u>
Shands M. Wulbern
Florida Bar No. 0155217
3000 Hartley Road, Suite 10
Jacksonville, Florida 32257
(904) 570-9233
swulbern@wulbernlaw.com

*Trial Counsel for Plaintiff*